## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
JULIE MILLER                 :    Civ. No. 3:18CV01136(JCH)
                             :
v.                           :
                             :
NORTHWEST CT YMCA, et al.    :    April 23, 2019
                             :
-----------------------------x
```

### RECOMMENDED RULING

This matter is before the Court on a review of a second amended complaint ("the Second Amended Complaint") filed by self-represented plaintiff Julie Miller ("plaintiff"). See Doc. #33. For the reasons set forth below, the Court recommends that the Second Amended Complaint be **DISMISSED, with prejudice.**

I.   **Background**

On July 9, 2018, plaintiff filed a complaint and motion to proceed in forma pauperis. See Doc. #1; Doc #2. This Court granted the motion to proceed in forma pauperis and issued a ruling recommending that the Complaint be dismissed without prejudice to refiling. See Doc. #8; Doc. #9. The recommended ruling of this Court was affirmed, adopted and ratified on August 6, 2018, over plaintiff's objection. See Doc. #15.

On August 6, 2018, plaintiff filed an amended complaint, in which she described her efforts to secure housing over the past three years, and asserted that various organizations and

1

individuals have failed to assist her as she feels appropriate under the law. See generally Doc. #16. On October 5, 2018, this Court issued a ruling recommending that the amended complaint be dismissed, without prejudice to refiling. See generally Doc. #18. The recommended ruling of this Court was affirmed, adopted and ratified on November 20, 2018, over plaintiff's objection. See Doc. #36. Plaintiff filed the Second Amended Complaint (entitled "2nd Amended Civil Claim") on October 31, 2018. Doc. #33. On December 6, 2018, Judge Hall referred this matter to the undersigned for a recommended ruling on the Second Amended Complaint. See Doc. #37.

The Second Amended Complaint seeks relief against 27 defendants, nine of whom were also listed as parties in the original complaint and amended complaint. See Doc. #1 at 1-3; Doc. #16 at 2-3; Doc. #33 at 1-5. The Second Amended Complaint recounts plaintiff's difficulties in finding housing and obtaining various social services. See generally Doc. #33. As relief, plaintiff seeks general damages, punitive damages, special damages, trial by jury, attorney fees, psychological fees and expenses, prejudgment interest, the sealing of cases involving the plaintiff's eviction after she became disabled, declaratory relief, and changes to the policies of the U.S.

Department of Education,[1] "United States Family Court[,]"[2] and "United States Fair Housing[.]"[3] Doc. #33 at 22-23.

## II.  **Standard of Review Under §1915**

The determination of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether plaintiff may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. See Doc. #8. Second, §1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious[,]" "fails to state a claim on which relief may be granted[,]"[4] or "seeks monetary relief against a defendant who is

---

[1] The U.S. Department of Education is not a party to this case.

[2] There is no such entity as the "United States Family Court[,]" and no such party is named in this action.

[3] The Court construes this request as referring to named defendant "US Department of Fair Housing and Equal Opportunity HUD[.]" Doc. #33 at 3.

[4] One such ground for dismissal is failure to make sufficient factual allegations. See Doc. #9 at 4; Doc. #18 at 3-4.
    Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The purpose of Rule 8 is to provide a defendant notice of what they are alleged to have done that the plaintiff claims was unlawful." Caires v. JP Morgan Chase Bank, N.A., 880 F. Supp. 2d 288, 301 (D. Conn. 2012) (citation and quotation marks omitted).

immune from such relief." 28 U.S.C. §1915(e)(2)(B). When a plaintiff proceeding under §1915 files a Second Amended Complaint, the Court "retains the authority — and indeed the duty — to sua sponte review the pleading sufficiency of that [second] amended complaint." Praileau v. Fischer, 930 F. Supp. 2d 383, 389 (N.D.N.Y. 2013).

The Court construes complaints filed by self-represented plaintiffs liberally. See McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). "[U]nless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A complaint must plead enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

Doc. #9 at 4; Doc. #18 at 3-4. Allegations that do not conform to this standard will be dismissed as they fail to state a claim that provides defendants with sufficient notice of conduct that might give rise to a federal cause of action. See Doc. #9 at 4; Doc. #18 at 3-4.

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

As plaintiff has been advised, see Doc. #18 at 4, if a plaintiff is provided multiple opportunities to state a claim, the Court may dismiss an amended complaint with prejudice. See, e.g., Dyson v. New York Health Care, Inc., 353 F. App'x 502, 503 (2d Cir. 2009); Wright v. Malloy, No. 3:16CV1179(SRU), 2016 WL 7115933, at *6 (D. Conn. Dec. 6, 2016) ("The dismissal is with prejudice because Wright has been afforded multiple opportunities to amend his complaint.").

## III. **Subject Matter Jurisdiction**

Federal subject matter jurisdiction exists where a plaintiff brings a claim arising under the Constitution or laws of the United States, or where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§1331, 1332. Plaintiff contends that this Court has subject matter jurisdiction based on: (a) three specific subsections of the Fair Housing Act ("FHA") and (b) "28 U.S.C. §1332(a)(1) Diversity of Citizenship[.]" Doc. #33 at 22.

### A. Diversity

Diversity jurisdiction exists where no plaintiff is a citizen of the same state as any defendant, and the amount in controversy exceeds $75,000. See 28 U.S.C. §1332(a)(1). "[D]iversity jurisdiction is available only when all adverse

5

parties to a litigation are <u>completely</u> diverse in their citizenships." <u>Herrick Co. v. SCS Commc'ns, Inc.</u>, 251 F.3d 315, 322 (2d Cir. 2001) (emphases added). Plaintiff is a citizen of Connecticut. <u>See</u> Doc. #33 at 1. The Second Amended Complaint alleges that 26 of the 27 defendants are also citizens of Connecticut. <u>See</u> <u>id.</u> at 1-5. The presence of the Connecticut defendants destroys complete diversity. There is therefore no basis for diversity jurisdiction in this case.

### B. Federal Question

Plaintiff's allegations with respect to claims under the federal statutes discussed below, at least with respect to certain defendants, do not appear to be "immaterial and made solely for the purpose of obtaining jurisdiction" nor "wholly insubstantial and frivolous[,]" <u>see</u> <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946), and are therefore sufficient to establish subject matter jurisdiction for purposes of this initial review.

### IV.   <u>Second Amended Complaint</u>

The Second Amended Complaint invokes the jurisdiction of this Court under 42 U.S.C. §3604(f)(2),[5] <u>see</u> Doc. #33 at 22, a subsection of the FHA which prohibits certain forms

---

[5] Plaintiff also cites to 42 U.S.C. §§3604(f)(3)(A) and (B). <u>See</u> Doc. #33 at 22. These two sections of the FHA do not create causes of action; rather, they provide definitions of discrimination to be applied in evaluating claims under 42 U.S.C. §3604(f)(2). <u>See</u> 42 U.S.C. §3604(f)(3).

discrimination based on a claimant's disability, see 42 U.S.C. §3604(f). In light of the jurisdictional statement made in the Second Amended Complaint, the Court will construe any non-specific reference to discrimination, failure to accommodate, or similar language, as an attempt to state a claim under 42 U.S.C. §3604(f)(2).

Using the liberal pleading standards afforded to self-represented litigants, the Court construes the Second Amended Complaint as potentially asserting a claim of discrimination on the basis of a disability in violation of the FHA against the following defendants: Connecticut Fair Housing Center, Town of Farmington Connecticut Social Services,[6] Statewide Legal Services of Connecticut, Connecticut Family Court (Hartford), Connecticut Department of Social Services, Connecticut Department of Housing, Northwest CT YMCA ("YMCA"), The Gathering Place, St. Vincent De Paul, Prudence Crandall Center for Women, Friendship Service Center of New Britain Co., CHMA, Journey Home Connecticut, Chrysalis Center, Inc., and City of West Hartford Department of Social Services. See generally Doc. #33. Because the Court finds that the allegations related to FHA claims contained in the Second Amended Complaint suffer from a common

---

[6] Plaintiff prefaces the names of several municipal defendants with "State of Connecticut[.]" See, e.g., Doc. #33 at 4. The Court will omit this preface when discussing municipal defendants.

deficiency (as to all defendants who are not immune from such claims), the Court will address these claims collectively below.

Plaintiff appears to assert claims under the Americans with Disabilities Act ("ADA") against two defendants: Friends in Service to Humanity of Northwestern Connecticut and Connecticut Department of Transportation CT Paratransit transportation/ADA Bus Services. See Doc. #33 at 12, 20-21. The Court will address these claims separately below.

Finally, the Court finds that plaintiff makes no allegations of discrimination under either the ADA or FHA against the following defendants: Susan B Anthony Project, United Way of Connecticut- 211, Social Security Administration ODAR,[7] Western Connecticut Mental Health, US Department of Fair Housing and Equal Opportunity HUD, Mental Health Connecticut,

---

[7] Plaintiff filed a motion to consolidate this case with the then-pending Miller v. Comm'r of Soc. Sec., 3:17CV1734(JCH), an appeal from a decision of the Social Security Administration, denying plaintiff requested benefits. See generally Doc. #24. Judge Hall denied plaintiff's motion to consolidate on October 25, 2018, before plaintiff filed the Second Amended Complaint. See Doc. #29; Doc. #33. The facts plaintiff alleges in support of her claim against the Social Security Administration in the Second Amended Complaint appear to relate, at least in part, to case 3:17CV1734(JCH). See Doc. #33 at 5. Judgment entered in favor of the Social Security Administration in case 3:17CV1734(JCH) on December 6, 2019, and plaintiff is appealing that judgment. See Miller, 3:17CV1734(JCH), Doc. #36; Doc. #38. Dismissal of the instant case has no impact on plaintiff's ability to pursue all otherwise available relief in case 3:17CV1734(JCH) or her appeal therefrom.

Community Health and Wellness,[8] Farmington Public High School, City of West Hartford Department of Housing, and State of Connecticut Department of Children and Families. See generally Doc. #33. The Second Amended Complaint brings only state law claims against these defendants.

## V.  Analysis of FHA Claims

Plaintiff invokes the jurisdiction of this Court under 42 U.S.C. §3604(f)(2), a section of the FHA which makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap[.]"[9] 42 U.S.C. §3604(f)(2)(A).

---

[8] Plaintiff alleges that Community Health and Wellness violated two federal statutes, the Health Insurance Portability and Accountability Act ("HIPAA") and the "paper[work] reduction act" ("PRA"). Doc #33 at 21-22. Even if the allegations contained in the Second Amended Complaint stated a violation of either HIPPA or the PRA, neither statute provides for a private right of action. See Mele v. Hill Health Ctr., 609 F. Supp. 2d 248, 255 (D. Conn. 2009)("Courts have found no private right of action under HIPAA."); Korsinsky v. Godici, No. 05CV2791(DLC), 2005 WL 2312886, at *6 (S.D.N.Y. Sept. 12, 2005) ("The PRA only authorizes litigants to use its protections as a defense -- it does not authorize a private right of action."), aff'd sub nom. Korsinsky v. Dudas, 227 F. App'x 891 (Fed. Cir. 2007).

[9] There is a split of authority as to whether homeless shelters are "dwellings" within the meaning of the FHA. See, e.g., Thomas v. The Salvation Army Southern Territory, 841 F.3d 632 (4th Cir. 2016); Boykin v. Gray, 895 F. Supp. 2d 199, 207 (D.D.C. 2012), aff'd sub nom. Boykin v. Fenty, 650 F. App'x 42 (D.C. Cir. 2016). At the initial review stage, the Court cannot determine whether the shelters at issue would qualify as dwellings.

Section 3604(f)(3) defines discrimination. Plaintiff cites the definitions set forth in (f)(3)(A) and (f)(3)(B), which state:

[D]iscrimination includes--

(A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted[;]

(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]

42 U.S.C. §3604(f)(3)(A)-(B) (footnote omitted).[10]

Plaintiff brings claims for relief under the FHA against various entities of the State of Connecticut, as well as private and municipal entities. The Court addresses claims against each of these groups in turn.

**A. State Defendants**

Plaintiff names the State of Connecticut Department of Social Services, "Connecticut Family Court," and the Connecticut Department of Housing in the Second Amended Complaint. See Doc.

---

[10] The Court notes that plaintiff does not allege that she sought any accommodation at her own expense.

#33 at 2-4. The State of Connecticut Department of Social Services, "Connecticut Family Court,"[11] and the Connecticut Department of Housing are arms of the state. <u>See</u> <u>Sargent v. Emons</u>, 582 F. App'x 51, 52 (2d Cir. 2014); <u>Inkel v. Conn. Dep't of Children & Families</u>, 421 F. Supp. 2d 513, 520 (D. Conn. 2006).

The Eleventh Amendment to the U.S. Constitution bars claims for damages, as well as claims for injunctive or declaratory relief, against a state or a state agency, unless the state specifically waives, or Congress abrogates, the state's sovereign immunity. <u>See</u> <u>Cory v. White</u>, 457 U.S. 85, 90–91 (1982); <u>Edelman v. Jordan</u>, 415 U.S. 651, 667–69 (1974). "There is no congressional abrogation of sovereign immunity in the FHA." <u>Super v. J. D'Amelia & Assocs., LLC</u>, No. 3:09CV831(SRU), 2010 WL 3926887, at *12 (D. Conn. Sept. 30, 2010); <u>see also</u> <u>DeSouza v. Kennedy</u>, No. 3:16CV01126(MPS), 2017 WL 3431393, at *3 (D. Conn. Aug. 9, 2017) ("Courts have [] rejected the contention that the FHA abrogates sovereign immunity. ... [T]he State of Connecticut did not consent to be sued on [] those claims.").

---

[11] Although no such entity exists, Connecticut state courts, generally, are state entities, immune from suit under the Eleventh Amendment. <u>See</u> <u>Chance v. Connecticut Superior Court</u>, No. 3:04CV155(MRK), 2004 WL 2958469, at *2 (D. Conn. Dec. 13, 2004).

Courts may "raise the issue of Eleventh Amendment immunity <u>sua</u> <u>sponte</u>[.]" <u>Thomas v. Butkiewicus</u>, No. 3:13CV747(JCH), 2013 WL 12303036, at *1 (D. Conn. Dec. 20, 2013) (citing <u>Wisconsin Dep't of Corr. v. Schacht</u>, 524 U.S. 381, 388 (1998)).[12] Because these defendants are entitled to sovereign immunity, and that immunity is not abrogated under the FHA, the Court recommends that plaintiff's FHA claims against these defendants be **DISMISSED, with prejudice.**

### B. Private and Municipal Defendants

As plaintiff has previously been advised, <u>see</u> Doc. #18 at 10,

> [i]n order to prove a failure-to-accommodate claim, a
> plaintiff must show (1) that the plaintiff ... had a

---

[12] The Court notes that it "is an open question in the Supreme Court and the Second Circuit[]" whether sovereign immunity should properly be considered an affirmative defense, rather than a jurisdictional question. <u>Carver v. Nassau Cty. Interim Fin. Auth.</u>, 730 F.3d 150, 156 (2d Cir. 2013), <u>as corrected</u> (Sept. 27, 2013). Even if Eleventh Amendment immunity is properly viewed as an affirmative defense, however, where "an affirmative defense appears on [the] face" of a complaint, a court may dismiss the complaint for failure to state a claim on which relief may be granted. <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007) (citations and quotation marks omitted). "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." <u>Id.</u>; <u>see also</u> <u>Galvin v. Lloyd</u>, 663 F. Supp. 1572, 1578 (D. Conn. 1987) ("[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, but the defense must clearly appear on the face of the complaint.") (collecting cases); <u>see also</u> <u>Collins v. Dzurenda</u>, No. 3:09CV704(AVC), 2010 WL 746775, at *1 (D. Conn. Mar. 1, 2010).

handicap within the meaning of §3602(h); (2) that the
defendant knew or reasonably should have been expected
to know of the handicap; (3) that the accommodation was
likely necessary to afford the handicapped person an
equal opportunity to use and enjoy the dwelling; (4)
that the accommodation requested was reasonable; and (5)
that the defendant refused to make the requested
accommodation. Plaintiffs must show that, but for the
accommodation, they likely will be denied an equal
opportunity to enjoy the housing of their choice.
Requested accommodations are reasonable where the cost
is modest and they do not pose an undue hardship or a
substantial burden on the housing provider.

Olsen v. Stark Homes, Inc., 759 F.3d 140, 156 (2d Cir. 2014)

(citations and quotation marks omitted).

First, the Court notes that although plaintiff attempts to
assert claims of discrimination against Connecticut Fair Housing
Center, Town of Farmington Connecticut Social Services, and
Statewide Legal Services of Connecticut, the allegations in the
Second Amended Complaint against these defendants are not
related to use of a dwelling or services related to the use
thereof. See Doc. #33 at 12 (alleging that the Connecticut Fair
Housing Center failed to address reported discrimination against
plaintiff by others); id. at 5-6 (alleging that Town of
Farmington Connecticut Social Services failed to "provide proper
support[,]" in the form of financial assistance, to plaintiff);
id. at 6 (alleging that Statewide Legal Services of Connecticut
failed to provide legal representation to plaintiff in a child
custody case). Accordingly, plaintiff has not stated a claim

under the FHA against these defendants, and the Court recommends that such claims be **DISMISSED, with prejudice.**

The Court now turns to the claims asserted against Northwest CT YMCA, The Gathering Place, St. Vincent De Paul, Prudence Crandall Center for Women, Friendship Service Center of New Britain Co., CHMA, Journey Home Connecticut, Chrysalis Center, Inc., and City of West Hartford Department of Social Services. The allegations in the Second Amended Complaint are also insufficient to state a claim against these defendants.

As noted above, there are five elements of a failure-to-accommodate claim. Plaintiff has alleged that she has a disability, and as to at least some of these defendants, she has alleged that the defendant knew or reasonably should have known of that disability. See Olsen, 759 F.3d at 156. Plaintiff has also alleged that requests she made for accommodations were denied by certain defendants. She has not adequately alleged, however, that the accommodations she requested were necessary to afford her equal opportunities to use and enjoy her dwelling. Furthermore, plaintiff has not adequately alleged that any such accommodations would have been reasonable, as that term is used in the FHA.

1. Emotional Support Animal

The Court first addresses plaintiff's claims against
defendant YMCA related to her emotional support animal.[13] See
Doc. #33 at 14. Claims regarding emotional support animals are
generally cognizable under the FHA. See, e.g., Tuman v. VL GEM
LLC, No. 15CV7801(NSR), 2017 WL 781486, at *7 (S.D.N.Y. Feb. 27,
2017). However, the Second Amended Complaint does not state a
claim that plaintiff was denied a reasonable accommodation
"necessary to afford" her an equal opportunity to enjoy use of
the premises. 42 U.S.C. §3604(f)(3). Plaintiff alleges that on
December 7, 2017, she received a letter advising her "not to
play with [her] emotional support animal in the hallway[]" and
that she "asked from an alternative area large enough to
exercise him." Doc. #33 at 14 (sic). Although plaintiff does not
state so expressly, the Court will proceed under the assumption
that plaintiff's request was denied. Plaintiff further alleges
that she "reported a toxic small coming from the room" next to
hers, sought confirmation "that it was not harmful" to her or
her emotional support animal, and advised shelter staff that

---

[13] Plaintiff only discusses her emotional support animal, and a
need for related accommodations, against one other defendant,
Friends in Service to Humanity of Northwestern Connecticut. See
Doc. #33 at 12. That claim, which is brought under the ADA
rather than the FHA, is discussed below.

"the chemical they have listed on the resident disclosure is extremely toxic to humans and animals." Id. at 15, 17 (sic).

The Second Amended Complaint alleges that plaintiff, and her emotional support animal, a cat named Serenity, see Doc. #18 at 3, resided at the YMCA for well over a year, see Doc. #33 at 13-17. Plaintiff does not allege that she was evicted, expressly or constructively, due to inadequate space to house or exercise her cat. Perhaps most importantly, plaintiff makes no allegation that she or her cat was harmed due to a lack of space or alleged presence of toxic chemicals at the facility, nor that Serenity was unable to perform his function of providing emotional support to plaintiff due to the living conditions.

Because plaintiff does not allege that Serenity was hindered in his ability to fully perform his function of providing emotional support, or that she was harmed, plaintiff has not alleged that any additional accommodation (beyond allowing Serenity to reside with her) was necessary. As plaintiff has been previously warned, failure to allege "that any [requested] accommodation would have remedied the problems of which she complains" is fatal to the attempt to state a claim. Doc. #18 at 12. There is no allegation that the services plaintiff received from her emotional support cat were disrupted or made less effective because the YMCA did not provide the expanded accommodations plaintiff requested. Accordingly,

16

plaintiff has not stated a claim under the FHA against the YMCA, nor has she cured the defects of which she was previously warned. Accordingly, the Court recommends that plaintiff's claim against the YMCA under the FHA related to her emotional support animal be **DISMISSED, with prejudice.**

> 2. Other Requested Accommodations

Turning to plaintiff's remaining FHA claims, the Court has thoroughly reviewed each of the 330 numbered statements of the Second Amended Complaint. Plaintiff alleges that she sought "accommodations" like "independent housing[,]" Doc. #33 at 11, access to additional equipment at the YMCA, see id. at 15-17, and an apartment that was more than a "basic unit[]" consisting of "1 bedroom[,]" id. at 20. Plaintiff also claims that on certain occasions she "sent a reasonable accommodations request[,]" id. at 9, or "was denied housing to accommodate [her] needs[,]" id. at 10, but plaintiff does not provide specifics regarding the nature of many of these requests. Most importantly, plaintiff does not tie these requests to a disability, as opposed to personal preference.

Plaintiff has been advised, repeatedly, that to state a claim under the FHA, she must sufficiently allege that "a defendant has denied [her] an opportunity ... or benefit [or] that they otherwise discriminated against [her] because of her disabilities[.]" Doc. #18 at 17 (emphasis added) (citation and

17

quotation marks omitted). Despite these warnings, plaintiff has not made such an allegation, and the Court finds that plaintiff has not stated a claim for failure to provide reasonable accommodations under the FHA against any of these defendants.

In addition, plaintiff makes only a conclusory allegation that her requested changes to the policies or practices of defendants would be reasonable -- that is, "the cost is modest and they do not pose an undue hardship or a substantial burden on the housing provider." Olsen, 759 F.3d at 156. Most of the relevant defendants are homeless shelters. As the Second Amended Complaint itself demonstrates, these are entities that are managing finite and limited resources. Even if plaintiff had stated sufficient facts to allege that the accommodations she requested were "necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling[,]" the allegations in the Second Amended Complaint are not sufficient to support a claim that, if proven, any of plaintiff's requests, particularly those requests for her own unit consisting of two or more bedrooms, were reasonable under the circumstances. Id.

While plaintiff's frustration with defendants, and with her situation generally, is understandable, based on the allegations in the Second Amended Complaint, her allegations of poor service and perceived lack of compassion or follow-through from these entities are insufficient to support a federal claim for

disability discrimination. Plaintiff has not alleged, despite ample warnings from this Court, that she was "discriminated against <u>because of her disabilities</u>[.]" Doc. #18 at 17 (emphasis added) (quoting <u>Tull v. New York City Hous. Auth.</u>, 722 F. App'x 75, 77 (Summary Order)); <u>see also</u> <u>McElwee v. Cty. of Orange</u>, 700 F.3d 635, 640 (2d Cir. 2012); Doc. #18 at 9, 14. Accordingly, the Court recommends that plaintiff's FHA claims against these defendants be **DISMISSED, with prejudice.**

## VI. <u>Analysis of ADA Claims</u>

The ADA authorizes claims, based on discrimination against disabled individuals, against both public entities and private entities that operate public accommodations. <u>See</u> 42 U.S.C. §§12182, 12132. Such claims are authorized under two separate titles of the ADA, and the Court will address the provision applicable to each defendant in turn. <u>See</u> <u>id.</u>

### A. Friends in Service to Humanity of Northwestern Connecticut ("Friends in Service")[14]

Title III of the ADA prohibits discrimination in the use of "any place of public accommodation[.]" 42 U.S.C. §12182(a). The

---

[14] Plaintiff is pursuing a claim against this defendant before the Connecticut Commission on Human Rights and Opportunities ("CHRO"). <u>See</u> Doc. #26-3. It appears, based on documents filed in this case by plaintiff, that plaintiff may have been represented by counsel, or had the aid of counsel, in drafting the complaint in the CHRO action, <u>see</u> Doc. #26-3 at 5, but that as of August 2018, she was no longer represented in that action, <u>see</u> Doc. 26-2 at 3. In the CHRO action, plaintiff is pursuing claims under the FHA and state anti-discrimination statutes not

ADA provides that certain "private entities are considered public accommodations for purposes of" Title III, including "a homeless shelter, food bank ... or other social service center establishment[.]" 42 U.S.C. §12181(7)(K).

Plaintiff states that she was unable to enter the Friends in Service shelter with her emotional support animal, because "[a]t the intake appointment I was told they don't allow pets." Doc. #33 at 12. Plaintiff alleges that this constitutes a "failure to provide ADA accommodations[.]" Id.

Plaintiff has not stated a claim against this defendant under Title III of the ADA. "A private individual may only obtain injunctive relief for violations of a right granted under Title III; [s]he cannot recover damages." Powell v. Nat'l Bd. of Med. Examiners, 364 F.3d 79, 86 (2d Cir. 2004), opinion corrected, 511 F.3d 238 (2d Cir. 2004) (citation omitted) (emphasis added). Plaintiff has previously been advised of this limitation, see Doc. #18 at 8, and has not made any claim for injunctive relief against this defendant, see Doc. #33 at 22-23. Additionally, even if plaintiff sought injunctive relief, emotional support animals are not protected service animals

---

at issue in this case. See Doc. #26-3 at 4. Plaintiff previously filed a motion to have that action consolidated with the instant case. See Doc. #26. That motion was denied by Judge Hall before plaintiff filed the Second Amended Complaint. See Doc. #31. The Court offers no opinion on the merits of any claim asserted in that action.

under the ADA. See 28 C.F.R. §36.104 (Service animals perform work or tasks, but "the provision of emotional support, well-being, comfort, or companionship do not constitute work or tasks."). Plaintiff therefore has not stated, and could not state, a claim under the ADA based on the allegations in the Second Amended Complaint.

Because claims related to emotional support animals are not cognizable under the ADA, the Court recommends that plaintiff's ADA claim against this defendant be **DISMISSED, with prejudice.**

### B. Connecticut Department of Transportation CT Paratransit transportation/ADA Bus Services

To state a claim against a public entity under the ADA, plaintiff must allege: "(1) that she is a qualified individual with a disability;" (2) that she was excluded from participation in a public entity's services, including by a failure of that entity to provide reasonable accommodations; and "(3) that such exclusion or discrimination was due to her disability."[15] Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (citation and quotation marks omitted) (emphasis added). The Second Amended Complaint alleges a "discrimination issue[,]" specifically, "that some

---

[15] There is disagreement amongst courts regarding the extent to which Eleventh Amendment immunity is abrogated with respect to Title II ADA claims where a plaintiff seeks money damages. Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis., 804 F.3d 178, 193-95 (2d Cir. 2015). Because the Court concludes that plaintiff's claim fails on other grounds, the Court does not address whether this defendant is immune from such claims.

<u>districts</u> were provided complimentary ADA transportation and <u>others</u> were required to pay." Doc. #33 at 20 (sic) (emphases added).

Plaintiff's allegation is not that she was excluded from opportunities to participate in existing services "due to her disability[,]" <u>Fulton</u>, 591 F.3d at 43, but that the services are offered at different rates depending on which district is providing the services. The Second Amended Complaint includes, at best, only conclusory allegations that this differentiation in pricing is discriminatory, and no allegation that such discrimination is based on the existence or nature of an individual's disability. Plaintiff therefore has not stated a reasonable accommodation claim under Title II of the ADA against this defendant. Because the allegations against this defendant are unrelated to plaintiff's alleged disability, and because plaintiff has been cautioned that disability discrimination claims must be tied to an alleged disability, <u>see</u> Doc. #18 at 7, 10, the Court recommends that plaintiff's ADA claim against this defendant be **DISMISSED, with prejudice.**[16]

---

[16] The Connecticut Department of Transportation is one of eighteen defendants plaintiff added to this action in the Second Amended Complaint. <u>Compare</u> Doc. #16 at 2-3 <u>with</u> Doc. #33 at 1-5. The plaintiff did not attempt to state a claim against this defendant in the prior complaints, nor did she assert claims against any defendant under Title II of the ADA, as opposed to Title III, in prior versions of the complaint. <u>See</u> <u>generally</u> Doc. #9; Doc. #18. Nonetheless, the Court recommends dismissal

Plaintiff seeks relief under only two federal laws, the FHA and ADA. The Court has determined that the Second Amended Complaint fails to state a claim under either statute. Accordingly, the Court concludes that plaintiff has not stated <u>any</u> federal claim for relief in the Second Amended Complaint.

## VII. <u>Supplemental Jurisdiction</u>

Plaintiff alleges various state law claims against each defendant. <u>See</u> <u>generally</u> Doc. #33. When a plaintiff brings both state and federal causes of action, 28 U.S.C. §1367(c) provides that "[t]he district courts may decline to exercise supplemental jurisdiction [if] ... the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. §1367(c). "[A]bsent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendant state law claims on the basis of a federal question claim already disposed of." <u>Spear v. Town of West Hartford</u>, 771 F. Supp. 521, 530 (D. Conn. 1991), <u>aff'd on other grounds</u>, 954 F.2d 63 (2d Cir. 1992).

---

of this claim with prejudice, rather than granting her leave to replead, because plaintiff has already been advised that any claim of disability discrimination must be tied to plaintiff's disabilities. <u>See</u> Doc. #18 at 7, 10. She has had an opportunity to plead such claims properly, and has failed to do so.

Accordingly, the Court will not exercise supplemental jurisdiction over any state law claim because plaintiff has failed to state a federal cause of action.

**VIII.     Conclusion**

Plaintiff has "failed to allege any cognizable claim to demonstrate that she [is] entitled to relief under" the federal statutes she relies upon. <u>Dyson</u>, 353 F. App'x at 503. Plaintiff has been afforded multiple "opportunities to file an amended complaint ... and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief." <u>Id.</u> at 503–04.

> [P]laintiff's successive pleadings ... fail to cure the deficiencies previously identified by the Court. Thus, even according plaintiff the substantial leeway afforded to <u>pro se</u> litigants, the Court find[s] that dismissing plaintiff's federal law claims with prejudice is appropriate where, for the third time, plaintiff failed to allege a viable federal law claim.

<u>Ercole v. LaHood</u>, No. 07CV2049(JFB)(AKT), 2011 WL 1205137, at *15 (E.D.N.Y. Mar. 29, 2011), <u>aff'd,</u> 472 F. App'x 47 (2d Cir. 2012). Accordingly, the Court recommends that the Second Amended Complaint be **DISMISSED**, **with prejudice.**

A claim that is dismissed with prejudice is dismissed in such "a way that finally disposes of a party's claim and bars any future action on that claim." <u>Cole-Hoover v. New York Dep't of Corr. Servs.</u>, No. 02CV00826(JJM), 2013 WL 5652751, at *4 (W.D.N.Y. Oct. 16, 2013) (quoting Black's Law Dictionary (9th

ed.)). <u>Accordingly, plaintiff may not replead the asserted federal claims against the defendants discussed above, in this Court.</u> As noted above, this recommended ruling has no impact on: (1) case 3:17CV1734(JCH) or plaintiff's pending appeal therefrom and (2) plaintiff's pending CHRO action against Friends in Service to Humanity of Northwestern Connecticut, in which plaintiff is pursuing claims under the FHA and state statutes.

This is a recommended ruling. **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order.** <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days will preclude appellate review. <u>See</u> 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2(a); <u>Small v. Secretary of H.H.S.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (<u>per</u> <u>curiam</u>); <u>F.D.I.C. v. Hillcrest Assoc.</u>, 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 23rd day of April, 2019.

_____
/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
